IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRENCE M. BROWN, | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 4:18-CV-885-P |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America for summary judgment. The court, having considered the motion, the response of plaintiff, Terrence M. Brown, the reply, the sur-reply, the cases cited in plaintiff's motion for the court to take judicial notice (filed November 15, 2019), the record, and applicable authorities, finds that the motion should be granted.

BACKGROUND

On October 20, 2018, plaintiff filed his complaint in this action. Doc.[1] 1. In it, he asserts a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA" or "Act"), arising out of the treatment he received at the Federal Medical Center Fort Worth, Texas ("FMC"), in 2017 for scabies. The complaint reflects that plaintiff exhausted his administrative remedies by filing and pursuing claims dated November 24 and December 24, 2017. Doc. 1, Exs. 1 & 4.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

Plaintiff alleges that on November 8, 2017, he was forced to take six Ivermectin pills, which caused him to experience extreme nausea and dizziness. Doc. 1 at ¶¶ 14, 16. He subsequently passed out on two occasions and continues to experience extreme dizziness and nausea and feeling lethargic. Id. ¶¶ 20-23. On November 17, 2017, movant was transported to a local hospital where an emergency room doctor advised him that Ivermectin might have caused damage to his heart muscle tissues and that he should see a cardiologist. Id. ¶¶ 27-28. He received no follow-up treatment with a cardiologist despite his continued extreme dizziness and nausea. Id. ¶ 31.

Plaintiff seeks to recover damages associated with "the forced medical treatment for something [he] did not have" and the failure to follow up on the side effects. Doc. 1 at 10 & Ex. 1 at 5.

## GROUNDS OF THE MOTION

The government alleges that plaintiff cannot demonstrate that it was negligent in the medical treatment provided to plaintiff. Specifically, (1) plaintiff's medical records demonstrate that it was appropriate to treat him for a possible scabies infection; (2) the evidence does not indicate that Ivermectin caused plaintiff's medical symptoms; and (3) plaintiff was provided medical treatment on multiple occasions for his symptoms. Doc. 48.

## APPLICABLE SUMMARY JUDGMENT PRINCIPLES

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## ANALYSIS

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)). Because

plaintiff's alleged injuries occurred at FMC, Texas law applies.[2] Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.—Corpus Christi 1989, writ denied). Plaintiff acknowledges this burden. Doc. 52 at 4.

Despite plaintiff's protestations to the contrary, this is not the type of case where breach and causation can be determined without expert testimony. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990) (giving as examples operating on the wrong part of the body or leaving sponges within a body). That one can "google" a host of information about a condition does not bring it withing common knowledge such that expert testimony is not required.

In this case, the record reflects that plaintiff suffers from a number of medical issues, some of which may be related to the conditions about which he complains. He exhibited

---

[2] The court is applying Texas substantive law, not procedure, as plaintiff fears. See Doc. 59. The government does not contend that plaintiff has failed to adequately plead his claim.

symptoms associated with scabies, as did his roommate, and was treated accordingly. He has not established the standard of care in such a situation, shown that the government breached that standard of care, or shown that the breach caused him harm. Nor has he shown that within the time period at issue the government breached a particular standard of care by failing to provide treatment and that such failure caused him harm. See Reynolds v. Warthan, 896 S.W.2d 823, 826 (Tex. App.—Tyler 1995, no writ) (affirming directed verdict in favor of doctor on medical malpractice claim when plaintiff failed to provide expert testimony for alleged negligent treatment of scabies).

## ORDER

The court ORDERS that the government's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against the government; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 21, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE